Filed 12/12/23  P. v. Torres CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B324422 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA485268) |
| v. | |
| ANGEL RAMON TORRES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Mildred Escobedo, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Angel Ramon Torres appeals from his conviction for assault pursuant to a stipulated plea agreement.  In June 2022, after defendant had repeatedly failed to comply with the terms of his probation, the trial court revoked probation and lifted the stay of execution on the previously imposed four-year upper term sentence.  Defendant moved unsuccessfully for a recall of sentence and obtained a certificate of probable cause.  His sole contention on appeal is that his upper term sentence is no longer valid in light of the passage of Senate Bill No. 567 (2021–2022 Reg. Sess.) and we should order modification of his agreed-upon sentence from a four-year upper term to a three-year midterm or remand for further proceedings.

We affirm.

### FACTUAL AND PROCEDURAL SUMMARY

Defendant and an accomplice were unruly on a city bus and threatened to kill the bus driver.  In August 2020, defendant pled no contest to one count of assault likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).  The parties stipulated to a factual basis for the plea.  The court accepted defendant's waivers on the record and found defendant guilty.  Defendant admitted suffering a prior 2007 strike conviction for first degree burglary.

Pursuant to the terms of the plea agreement, the court dismissed the prior strike allegation and imposed a four-year upper term.  Defendant was awarded 34 days of presentence custody credits.  The court suspended execution of sentence and placed defendant on three years formal probation, the terms of which included 30 days of community labor.

Thereafter, defendant repeatedly failed to comply with the terms of his probation.

On June 9, 2022, after issuance of a bench warrant, defendant appeared in court and admitted he had violated the terms of his probation. The trial court revoked and terminated defendant's probation, lifted the stay of execution on the previously imposed four-year prison sentence and issued a forthwith commitment. Defendant filed a motion for recall of sentence in the trial court, arguing the upper term sentence was no longer valid in light of the passage of Senate Bill No. 567. The motion was denied and the court signed a certificate of probable cause allowing defendant to raise the issue in this court.

## DISCUSSION

Defendant contends that in light of the amendments to Penal Code section 1170 effected by Senate Bill No. 567, we should modify his sentence to a three-year midterm, instead of the four-year upper term to which he agreed as part of his 2020 plea agreement. Alternatively, defendant requests, in his reply brief, that we remand to allow him the opportunity to seek a modification of his sentence in accordance with *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) and *People v. Fox* (2023) 90 Cal.App.5th 826 (*Fox*). We conclude neither remedy is warranted.

In 2020 when defendant entered into his plea agreement with the People, the court had discretion to choose a low term, midterm or upper term sentence, and there was no presumptive sentence that might affect how the the prosecution and the defense structured a plea bargain. With the passage of Senate Bill No. 567, which went into effect on January 1, 2022, the midterm became the presumptive sentence, unless circumstances justify the upper term. (Stats. 2021, ch. 731, § 1.3.) Penal Code section 1170, subdivision (b)(2), now provides that the trial court

3

must impose the presumptive midterm of a sentencing triad unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

As the People concede, the changes effected by Senate Bill No. 567 apply retroactively to defendant's case as they are ameliorative in nature and therefore apply to all nonfinal appeals. (See, e.g., *People v. Brown* (2012) 54 Cal.4th 314, 323 [discussing rule of *In re Estrada* (1965) 63 Cal.2d 740]; see also *Stamps*, *supra*, 9 Cal.5th at p. 699 [under *Estrada* rule, Senate Bill No. 1393 (2017–2018 Reg. Sess.) applies retroactively to nonfinal appeal of a defendant who entered plea agreement for a specified term].)

The question remains whether defendant is entitled to a remand to ask the court to reduce his plea bargain. "The *Estrada* rule only answers the question of *whether* an amended statute should be applied retroactively. It does not answer the question of *how* that statute should be applied." (*Stamps*, *supra*, 9 Cal.5th at p. 700.)

The People argue defendant is not entitled to a remand because the trial court did not exercise any discretion in imposing the upper term sentence and the court " ' " 'lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree.' " ' " (*Stamps*, *supra*, 9 Cal.5th at p. 701.) Defendant's sentence was part of a plea agreement in which defendant stipulated to the

4

factual basis for his plea, agreed to a four-year upper term and admitted a prior strike conviction.

The Courts of Appeal are currently divided on whether a defendant who agreed to an upper term sentence as part of a stipulated plea agreement is entitled to a remand in light of the passage of Senate Bill No. 567, and the issue is currently under review by the Supreme Court. (Compare *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057–1059, review granted Dec. 14, 2022, S277314 [defendant not entitled to remand], *People v. Sallee* (2023) 88 Cal.App.5th 330, 334, review granted Apr. 26, 2023, S278690 [same], with *People v. Todd* (2023) 88 Cal.App.5th 373, 378–382 (*Todd*), review granted Apr. 26, 2023, S279154 [remand is appropriate remedy]; *Fox, supra*, 90 Cal.App.5th at pp. 833–834 [same].)

We need not add to the discussion or choose whether to follow *Mitchell* or *Fox*. Pending further guidance from the Supreme Court, we conclude that remand is unnecessary given the circumstances here. In addition to stipulating to an upper term sentence and a factual basis for the plea, defendant admitted a prior felony strike conviction. Neither defendant in *Todd* or *Fox* admitted a prior strike conviction in entering into their respective plea agreements. (*Todd, supra*, 88 Cal.App.5th at p. 376; *Fox, supra*, 90 Cal.App.5th at p. 829.) In light of defendant's express admissions as part of his plea agreement, he was eligible for an upper term sentence under the amended statutory requirements of Penal Code section 1170, subdivision (b) and remand is not required. (*Fox,* at p. 834 ["requirements are satisfied if a defendant stipulates to aggravating circumstances justifying the upper term"].)

5

## DISPOSITION

The judgment of conviction is affirmed.


GRIMES, Acting P. J.

WE CONCUR:


WILEY, J.


VIRAMONTES, J.